IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CONSTANCE HARPER, et al.,

    Plaintiffs,

      v.

ULTA SALON COSMETICS &
FRAGRANCE, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:05-CV-1285-TWT

## OPINION AND ORDER

This is a race discrimination case brought under Title VII of the Civil Rights
Act of 1964, 42 U.S.C. § 2000e-2.  It is before the Court on the Plaintiffs' Motion for
Class Certification [Doc. 21].  The three remaining named Plaintiffs are former
employees of the Defendant, ULTA Salon Cosmetics & Fragrance ("ULTA").  They
allege that ULTA has discriminated against African-American employees and
potential employees in the metropolitan Atlanta area.  On behalf of the class, the
named Plaintiffs have made the following claims for relief: (1) a declaratory judgment
that the Defendant violated Title VII; (2) an injunction prohibiting the Defendant from
using discriminatory hiring, promotion, and transfer methods; (3) an award of back

pay and lost benefits; (4) prejudgment interest; and (5) compensatory damages.  For the reasons set forth below, the Plaintiffs' motion is DENIED.

## I. STANDING

The threshold question in any class action suit is whether the named plaintiffs have standing to assert the claims presented in the case.  Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir. 1987).  Only after making this initial determination can the Court assess whether the class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure.  In order to have standing, the named plaintiffs must show that they have personally suffered the injuries alleged.  Id. at 1482.  This requirement is not met simply by claiming that the injury has been suffered by other, unidentified members of the class.  Id. at 1483.  In Griffin, an African-American plaintiff alleged that his employer had disciplined him and refused to promote him because of his race.  He also alleged discrimination based on his employer's use of a written entry-level examination.  The Eleventh Circuit determined, however, that he had no standing to challenge the examination because he had met the employer's educational and testing requirements and had thus suffered no injury from its testing procedures.  Id. at 1484.

Here, the named Plaintiffs allege that they represent "[a]ll African-American current or former employees of Defendant, or job applicants for jobs with Defendant in the Atlanta metropolitan area between May 1, 2003 and the present."  (Pls.' Mot.

for Class Certification, at 1.)  However, as former employees, these Plaintiffs have not

sustained any injury based on the Defendant's alleged discrimination towards job

applicants.  They thus lack standing to bring a claim on behalf of this other group.

The Plaintiffs similarly lack standing to pursue a claim for injunctive relief.

"[T]o obtain forward-looking relief, a plaintiff must show a sufficient likelihood that

he will be affected by the allegedly unlawful conduct in the future."  Wooden v. Board

of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1283 (11th Cir. 2001); Reid v.

Lockheed Martin Aeronautics Co., 205 F.R.D. 655, 665 n.13 (N.D. Ga. 2001)

(concluding that former employees had no standing to seek injunctive relief).  As

former employees, the Plaintiffs will not be injured by any allegedly discriminatory

conduct occurring in the future and thus cannot pursue relief on behalf of current

employees.  Therefore, claims made on behalf of current employees or job applicants

will not be considered in the class certification analysis.

## II. CLASS CERTIFICATION

The first requirement for class certification under Rule 23(a) is that the class be

so numerous that joinder of all members is impracticable.  To meet this requirement,

the plaintiff must ordinarily demonstrate "some evidence or reasonable estimate of the

number of purported class members."  Silva-Arriaga v. Texas Exp., Inc., 222 F.R.D.

684, 688 (M.D. Fla. 2004) (citing Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 878

(11th Cir. 1986)).  Although mere numbers are not dispositive, the Eleventh Circuit's general rule is that "less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors."  <u>Cox v. American Cast Iron Pipe Co.</u>, 784 F.2d 1546, 1553 (11th Cir. 1986).  The named Plaintiffs in this lawsuit consist of only three members of the class.  As an estimate of the total class size, the Plaintiffs' memorandum offers only the number of African-Americans in the metropolitan Atlanta area that are either currently employed by the Defendant or who applied and were denied employment.  Neither of these estimates is relevant in identifying other members of a class of former employees.  The Plaintiffs have thus failed to provide any evidence as to the number of members in such a class.  They have thus failed to show sufficient numerosity to justify class certification, and the Court need proceed no further in its Rule 23 analysis.

### III.  <u>CONCLUSION</u>

For the reasons stated above, the Plaintiffs' Motion for Class Certification [Doc. 21] is DENIED.

SO ORDERED, this 23 day of December, 2005.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge